**Harriet SAVITCH, Plaintiff Below, Appellant,**

v.

**Nick NECASTRO, and Danvir Corporation, a corporation of the State of Delaware, The Wilmington Bureau of Police, the Mayor of the City of Wilmington and the Council of the City of Wilmington, Defendants Below, Appellees.**

Supreme Court of Delaware.

Submitted Jan. 13, 1981.

Decided Feb. 9, 1981.

Richard Allen Paul (argued), Wilmington, for plaintiff-appellant.

James F. Davis (argued), of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendants-appellees Necastro and Danvir Corporation.

Steven R. Director (argued) of Flanzer & Isaacs, Wilmington, for defendants-appellees The Wilmington Bureau of Police, The Mayor of the City of Wilmington and The Council of the City of Wilmington.

Before DUFFY, QUILLEN and HORSEY, JJ.

PER CURIAM:

This civil case, resulting in trial judgment for the defendants, was tried without a jury in the Court of Common Pleas. The Superior Court by order affirmed the judgment. As summarized by the Superior Court, the factual situation is as follows:

> "Plaintiff [Harriet Savitch] owned a house in Wilmington which she used primarily for storage of antiques, jewelry and various objects of art. She did not live at this house but visited there often. Plaintiff also stored some of her objects of art in a 1954 Cadillac limousine which she kept parked in the driveway. On September 30, 1976, after the car had been thus parked for six years, the City of Wilmington ordered the car to be towed by the corporate defendant [Danvir Corporation] to its impoundment yard. Plaintiff claimed that approximately $4,800 worth of items were removed from the car after the corporate defendant had towed and impounded it."

Plaintiff's claim was for the value of the allegedly missing items and some minor property damage.

As to the individual defendant, Nick Necastro, who operates the corporate defendant, Danvir Corporation, the Court of Common Pleas at trial and the Superior Court in the initial appeal both ruled there was no evidence to show he acted in other than his corporate capacity. The plaintiff concedes that judgment in Mr. Necastro's favor was proper and that judgment is affirmed.

The plaintiff testified to the facts relating to storage of the items including some theft difficulties in the neighborhood and the defendant Necastro also testified in an exculpatory fashion concerning Danvir's operations during the plaintiff's case. For the present purposes, however, the key testimony was the plaintiff's statement that as of 10 a. m. on the day of the towing, which was just two hours prior to the towing, the car had not been broken into.

Following the completion of the plaintiff's case, the defendants moved to dismiss pursuant to Rule 41(b) of the Court of Common Pleas Civil Rules.* The Trial Judge ruled in the following manner from the bench:

> "I am ready to rule on the motions at this point. In response to the defendant's motion, I would like to make the following statements: For defendants—and that would include any and all to be held liable in this action—it would seem to me that the basic question which must be answered in the affirmative, is that the materials—whatever they were—were removed from the vehicle after Danvir Corporation took control of the vehicle. It would seem to me without that, we don't have an action.
>
> While the plaintiff has testified concerning the items which were in the vehicle, but she can't say—she can't testify that all of the items were in the vehicle prior to September 30th, 1976. Admittedly, she kept no inventory or record of the items. Rather, they are recollections in her mind as to what was in the vehicle. Her testimony simply put, is that she was satisfied that on the morning of September 30th, 1976, she felt that the vehicle had not been entered by anyone other than herself.
>
> She saw the lamp tops and further indicated that a cobweb was on the steering wheel, which was in the front seat in an area where nothing was stored. Such a cobweb indicated to her that the vehicle had not been entered into. That was her testimony, as I understood it. However,

---

* Rule 41(b) reads in part: "After the plaintiff, in an action tried by the Court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief."

in response to a question concerning the number of rose medallion items to be found in the vehicle, the plaintiff stated that she wasn't positive as to the number. Further, she said—and I quote, or as near as possible quote—well, just like I couldn't tell you how they were taken. Upon this type of testimony, I am not able to say that the vehicle was not entered into before it was towed. Since I can't make that determination from the testimony presented, it is necessary that I dismiss the claim against the City and Danvir Corporation. . . .

Due to the way that I have hereby ruled, it is not necessary to decide the motion concerning values or bailment or constructive bailment as presented by counsel. It is not that I necessarily disbelieve the plaintiff's statement that all of the items were in the car, but rather I refuse to find as a matter of law, based on the equivocal testimony of the plaintiff, that the breaking and entering of the vehicle took place after the vehicle came into the hands of Danvir Corporation. It would be pure speculation on any part concerning the cost [sic] of such testimony. Therefore, the action is dismissed in toto."

■ The Court, sitting without a jury, is permitted on such a Rule 41(b) motion "to adjudicate the case on the merits at the conclusion of the plaintiff's evidence; and is not obliged to consider plaintiff's evidence in a light most favorable to plaintiff as he would have to do in a jury case." 5 Moore's Federal Practice ¶ 41.13[3] at 41–188 (2d ed. 1980). In short, the Court may rule for the defendant as a matter of fact under a Rule 41(b) motion and is not limited to ruling on the sufficiency of the plaintiff's evidence as a matter of law as it would be in a Rule 50(a) motion for a directed verdict in a jury case.

■ The difficulty we have is that we are unable to ascertain from the record before us the basis for the Trial Court's dismissal. If it dismissed because it found, as a matter of law, that plaintiff did not establish a *prima facie* case, then we would reverse. We think the facts and inferences in favor of the plaintiff were sufficient to take the case to the trier of fact on the factual issue raised by the parties. If, however, the case was dismissed because the Trial Court determined, as a factual matter, that the plaintiff "has shown no right to relief", we would affirm, for the record would justify such a decision by the trier of fact. *Application of Delaware Racing Ass'n*, Del.Supr., 213 A.2d 203, 207 (1965).

We recognize our analysis may seem overtechnical, especially since Mr. Necastro as well as the plaintiff testified as part of the plaintiff's case and since the Trial Judge has probably expressed his ultimate view. We feel, however, that trial judges should be conscious of the appropriate standards upon which a judgment is entered and should be precise in applying such standards. The burden imposed here is not undue. If the Trial Judge has already ruled as a factual matter, he can say so and the case is over. If, on the other hand, his ruling was limited to legal insufficiency, he can continue the proceedings in normal course.

The judgment in favor of the individual defendant Nick Necastro is affirmed. The judgment in favor of Danvir Corporation and the City defendants is vacated and the case remanded for further proceedings consistent with this opinion.