

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-30-2002

# Manchester Equip Co v. Amer Way Moving

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1081

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Manchester Equip Co v. Amer Way Moving" (2002). *2002 Decisions.* Paper 624.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/624

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-1081
_____


MANCHESTER EQUIPMENT CO., INC.,

Appellant

v.

AMERICAN WAY MOVING & STORAGE CO., INC.,
predecessor corporation to HTS Selling Corp.;
LOUDERBACK TRANSPORTATION CO., INC., predecessor
corporation to HTS Selling Corp.; HTS SELLING
CORP., successor corporation
_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
D.C. Civil No. 99-cv-00351
District Judge:  The Honorable Gregory M. Sleet
_____


Submitted Under Third Circuit LAR 34.1(a)
September 27, 2002
_____


Before: BARRY, AMBRO, and GARTH, Circuit Judges

(Opinion Filed:  September 30, 2002  )
_____


OPINION
_____



BARRY, Circuit Judge

This is a bailment negligence action.  The District Court granted summary judgment in favor of the defendants.  Manchester Equip. v. American Way Moving & Storage Co., 176 F. Supp. 2d 239 (D. Del. 2001).  We have jurisdiction over this appeal pursuant to 28 U.S.C.   1291 and our review of the District Court's grant of summary judgment is de novo.  In performing our review, we must view the record in the light most favorable to appellant and determine whether genuine issues of material fact exist and, if not, whether appellees are entitled to judgment as a matter of law.  Sheet Metal Workers' Int'l Ass'n v. Herre Bros., 201 F.3d 231, 239 (3d Cir. 1999).  We will affirm.

The material facts are undisputed and, because the parties are familiar with these facts, we will discuss them only as necessary to resolve the issues presented.

At bottom, this case is about a computer equipment distributor that was defrauded of $496,250.00 in computers by a sophisticated con-artist, and now seeks compensation from another victim of the fraud -- specifically, the warehouse that temporarily stored the computers.  In or about late May or early June 1997, Manchester Equipment Co., Inc.'s President, Barry Steinberg, was telephoned by a "David Lancaster," who identified himself as a Vice-President of Time-Warner, Inc.  Time-Warner had been one of Manchester's established customers, and Lancaster indicated that he wished to purchase a large quantity of computers for a special promotional event.

Having never dealt with Lancaster before, Manchester's Sales Manager, William

Breen, made a few telephone calls to various contacts in the Time-Warner corporate family, as well as to a colleague at Toshiba, to confirm Lancaster's identity.  All of these contacts confirmed Lancaster's existence, and one Time-Warner employee advised Breen that Lancaster worked out of an office at 75 Rockefeller Plaza in New York City.

Shortly thereafter, Manchester received a purchase order, dated June 4, 1997, from Lancaster requesting that Manchester ship the computers to the "Time/Warner Distribution Center" at 700 A Street in Wilmington, Delaware.  Not being familiar with this address, Breen again contacted a friend at Time-Warner, who confirmed that the address was legitimate.  Satisfied that it was dealing with a bona fide order, Manchester shipped $496,250.00 worth of computers to 700 A Street in Wilmington.

In the interim, Lancaster contacted American Way Moving & Storage Company, a warehouse located at 700 A Street in Wilmington, i.e., there was no "Time/Warner Distribution Center" located at the address given to Manchester.  Lancaster explained that he was a Time-Warner executive in need of some warehouse space on a month-to-month basis for some of his office equipment, and that his drivers would pick up the equipment shortly after its delivery.  American Way agreed to rent a portion of its warehouse and was informed to expect a shipment soon thereafter.

As promised, three shipments of computers from Manchester to "Time Warner Dist. Ctr." arrived at American Way in mid-June, and the warehouse personnel stored the shipments in Lancaster's rented space.  Lancaster's drivers promptly appeared and took possession of the computers.  It is undisputed that American Way had no knowledge that Lancaster had not paid Manchester for the computers at the time they were released to the pick up drivers; indeed, Manchester and American Way had never communicated with each other.

Lancaster's scam was finally revealed when Manchester's invoices, mailed to Lancaster's alleged office at 75 Rockefeller Plaza, were returned as "undeliverable."  As it turned out, "David Lancaster" was an imposter and Manchester was left unpaid for its half a million dollars worth of computers.  Manchester thereafter sought to recoup what it could.  Time-Warner presumably because its agents incorrectly confirmed that Lancaster and the Time Warner Distribution Center were legitimate agreed to pay Manchester $185,000.00.  Manchester also sued companies within the shipping chain, including American Way, to recover the remaining funds.

Manchester contends that American Way breached its "bailment duty" by neglecting to take "reasonable and appropriate measures of identification and verification" before turning over the computers to Lancaster's drivers.  Appellant's Br. at 3.  American Way asserts it did not owe a duty to Manchester because there was no contract between the parties, that it did not breach any such duty, and that Manchester is estopped from asserting its claims because its own lack of care resulted in its loss.  In granting American Way summary judgment, the District Court agreed that because there was no express or implied contract creating a duty between Manchester and American Way, there was consequently no bailment relationship (since such a relationship is typically based on a contract), and Manchester was, in any event, estopped due to its own carelessness.

Before us, Manchester concedes that it had no express or implied contract with American Way, but contends that American Way's acceptance of the computers created an "involuntary" or "constructive" bailment, which was breached when American Way surrendered the computers without obtaining proper identification despite the fact that the bills of lading were made out to "Time Warner Distribution Center" instead of to "David Lancaster."  Similarly, Manchester claims that American Way's estoppel defense fails because it did not reasonably rely on Lancaster's representations, particularly since the bills of lading were addressed to "Time Warner Distribution Center."

A fundamental underpinning of Manchester's contentions is that a bailment relationship was created between it and American Way when the warehouse accepted delivery of the computers.  The problem for Manchester, however, is that the undisputed record dictates that, as a matter of law, there was no such relationship.  At the time it received the shipments, it is undisputed that American Way had no way of knowing that Lancaster had failed to pay for Manchester's computers.  Instead, American Way had every reason to believe that the computers, as represented, belonged to Time-Warner and that Lancaster, as Time-Warner's agent, was authorized to take possession of them.  Moreover, American Way had no information suggesting that Manchester had any

remaining interest in the computers.  Accordingly, the only bailment relationship created regarding the computers was between American Way and Lancaster; indeed, American Way and Lancaster had a contract creating such a relationship.

But even assuming, arguendo, that there was a bailment relationship created between Manchester and American Way, Manchester's claim fails, as a matter of law, for want of proximate cause.  Put simply, given the undisputed facts, a reasonable jury would be compelled to find that the proximate causes of Manchester's injuries were Lancaster and Manchester's own conduct.  Manchester chose to ship nearly half a million dollars of computers to 700 A Street in Wilmington, i.e., American Way's address, without attempting to contact the warehouse and wanted the computers delivered to Lancaster.  In this regard, American Way did precisely what Manchester desired -- it delivered the computers undamaged to David Lancaster.

Manchester places great weight on the fact that the bills of lading were made out to "Time/Warner Distribution Center" at 700 A Street, and that American Way surrendered the computers to Lancaster's agents notwithstanding this designation of a corporate entity "distribution center."  American Way, however, cannot be faulted for accepting a shipment made out to its address and then delivering that shipment to a perceived Time-Warner executive and his agents when Lancaster had just established an account on behalf of Time-Warner and had indicated that a delivery was imminent.  As such, any breach of duty claim fails on the merits.

For the foregoing reasons, we will affirm the December 11, 2001 order of the District Court granting summary judgment to appellees.


TO THE CLERK OF THE COURT:
    Kindly file the foregoing Opinion.
                            /s/ Maryanne T. Barry
                            Circuit Judge